## No. 28409

**The People of the State of Colorado v. The Honorable Roscoe Pile, District Judge, 18th Judicial District, State of Colorado**

(595 P.2d 222)

Decided February 13, 1979.

Jeffrey R. Wheeler, Special Prosecutor, for petitioner.

Medina, Murray and Lesher, P.C., Charles F. Murray, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This original proceeding in the nature of prohibition was filed by a special prosecutor appointed to prosecute a former El Paso County sheriff for allegedly overspending two 1977 budgets. The information charged two violations of the Colorado Local Government Budget Law. Section 29-1-101, *et seq.,* C.R.S. 1973.

Following a July 10, 1978, preliminary hearing, the respondent trial judge found that probable cause had been shown to support both counts of the information. The defendant was immediately arraigned, pleaded not guilty to both counts, and was granted time to file motions.

On August 14, 1978, the defendant's three motions to dismiss were heard. The respondent judge denied two of the motions and took the third under advisement. That same day, the defendant's change of venue motion was granted, the case was moved to Arapahoe County and trial was set for October 16, 1978.

On October 4, 1978, the respondent judge granted the motion previously taken under advisement, and dismissed all charges in the information. The court ruled, as a matter of law, that even though the preliminary hearing evidence indicated budget overexpenditures, the defendant had not "spent" the excessive sums, but they had been "spent" by the El Paso County Director of Finance. The People ask us to reverse this ruling and reinstate the prosecution.

The statute on which the charges were founded, section 29-1-118, C.R.S. 1973, provides that, ". . . upon conviction thereof, the court shall enter judgment that such officer so convicted shall be removed from office . . . ." No other penalty is provided.

It appears that the sheriff whose alleged misconduct gave rise to the underlying prosecution was replaced at the November 7, 1978, election, and his term expired January 9, 1979. Therefore, if we were to grant the relief requested and reinstate the prosecution, the trial court would be

required to perform a futile act. Even if the defendant were convicted no fine, jail term or other punishment could be imposed. We decline to order the trial court to perform a useless act.

Finding no practical reason to decide the substantive issues raised, since the underlying case is moot, we hereby discharge the rule.

MR. CHIEF JUSTICE HODGES and MR. JUSTICE ERICKSON do not participate.